IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HCC CORPORATION, LLC f/k/a | § | |
| FCC ENVIRONMENTAL, LLC | § | |
| | § | C.A. 4:17-cv-338 |
| V. | § | |
| | § | |
| WESTCHESTER SURPLUS LINES | § | JURY DEMANDED |
| INSURANCE COMPANY | § | |

## PLAINTIFF HCC CORPORATION, LLC'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW Plaintiff HCC CORPORATION, LLC f/k/a FCC ENVIRONMENTAL, LLC and files this Original Complaint and states as follows:

### PARTIES

1.      Plaintiff HCC Corporation, LLC is a Delaware limited liability company with its principal place of business in Elgin, Illinois.

2.      Defendant Westchester Surplus Lines Insurance Company (herein "Westchester") is a corporation duly organized and existing under the laws of the state of either Hawaii or Georgia with its principle place of business in the state of Georgia.  Westchester may be served with process though its registered agent Amelia Garner c/o CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 1 of 6**
D/959338v2

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the Underlying

Lawsuit is pending in Harris County.

## FACTUAL BACKGROUND

5.      On or about January 1, 2016,  Westchester issued to Heritage-Crystal Clean, Inc.

a Employed Lawyers' Professional Liability Policy, policy number G2410722A 007, with a

policy period of January 1, 2016 to January 1, 2017 (herein " Policy").  HCC Corporation, LLC

is an insured under the Policy.

6.      On or around October 17, 2016, Florida Gas Transmission Co., LLC filed its

Second Amended Petition in the lawsuit styled *Florida Gas Transmission Co., LLC v. FCC

Environmental, LLC, et al.*; Cause No. 2014-68677; In the 11th Judicial District Court of Harris

County, Texas (herein "Underlying Lawsuit").  The Second Amended Petition asserts for the

first time claims regarding actions taken by lawyers employed to act on behalf of FCC

Environmental in the Underlying lawsuit.  A copy of the Second Amended Petition is attached

hereto as **Exhibit A** and incorporated herein by reference

7.      On or about November 16, 2016, HCC Corporation tendered the Underlying

Lawsuit to Westchester and requested that Westchester defend and indemnify it as a result of the

allegations contained in the Underlying Lawsuit.

8.      Although HCC Corporation timely complied with all conditions precedent,

Westchester denied the tender and refused to defend and indemnify it in the Underlying Lawsuit.

To this date, Westchester continues to refuse to do so.

9.      As a result of Westchester's refusal to defend and indemnify, HCC Corporation

has been forced to retain an attorney at its own expense to defend the Underlying Lawsuit and

has incurred substantial reasonable, customary and necessary attorney's fees and expenses.

10.    A dispute between the parties has arisen whether the Policy provides coverage for the Underlying Lawsuit and whether Westchester has a duty to defend and/or indemnify Plaintiff as a result of the Underlying Lawsuit.

11.    An actual controversy exists in that Plaintiff believes that the Policy provides coverage and Westchester has a duty to defend and a duty to indemnify and Westchester has denied that it has a duty to defend and/or indemnify.

12.    As a result of Westchester's failure to defend and indemnify, Plaintiff has been required to engage the services of the undersigned to prosecute this lawsuit and has been forced to incur reasonable, necessary and customary attorney's fees and expenses.

## CAUSE OF ACTION ONE—DECLARATORY JUDGMENT

13.    Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 12, inclusive.

14.    In the Policy, Westchester agrees to defend and indemnify an insured for all sums the insured becomes legally liable to pay because of a claim first made and reported during the policy period by reason of a wrongful act.

15.    The Underlying Lawsuit alleges facts that constitute a wrongful act and the claim was first made during the policy period.  FCC tendered the Underlying Lawsuit during the Policy period.

16.    A dispute between the parties has arisen whether the Policy provides coverage for the Underlying Lawsuit and whether Westchester had a duty to defend and/or indemnify Plaintiff as a result of the Underlying Lawsuit.

17.     An actual controversy exists in that Plaintiff believes that the Policy provides coverage and Westchester has a duty to defend and a duty to indemnify and Westchester has denied that it has a duty to defend and/or indemnify.

## CAUSE OF ACTION TWO—BREACH OF CONTRACT

18.     Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 17, inclusive.

19.     In the Policy, Westchester agrees to defend and indemnify an insured for all sums the insured becomes legally liable to pay because of a claim first made and reported during the policy period by reason of a wrongful act.

20.     The Underlying Lawsuit alleges facts that constitute a wrongful act and the claim was first made during the policy period.

21.     Plaintiff tendered the Underlying Lawsuit to Westchester for a defense and indemnity during the Policy period.

22.     Although Plaintiff complied with all conditions precedent, Westchester denied the tender and refused to defend and indemnify it.  To this date, Westchester continues to refuse to defend and indemnify it.

23.     As a result of Westchester's refusal to defend and indemnify, Plaintiff has been forced to retain an attorney at its own expense to defend the Underlying Lawsuit and has incurred substantial reasonable, customary and necessary attorney's fees and expenses.

24.     Westchester's failure and refusal to defend Plaintiff constitutes a breach of the Policy which is the proximate cause of damage to Plaintiff.

25.     As a result of Westchester's breach of the Policy, Plaintiff has been required to engage the services of the undersigned to prosecute this lawsuit and has been forced to incur

reasonable, necessary and customary attorney's fees and expenses for which Westchester is liable.

## CAUSE OF ACTION THREE—VIOLATION OF TEXAS INSURANCE CODE PROMPT PAYMENT OF CLAIMS

26. Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 25, inclusive.

27. Westchester's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations of this article are actionable by TEX. INS. CODE §542.060.

28. Westchester's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from FCC all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

29. Westchester's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

30. Westchester's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

31. Westchester's violations of the Texas Insurance Code were the proximate cause of damage to Plaintiff including the amount of the defense costs and expenses incurred in defending the Underlying Lawsuit and prosecuting the instant lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff HCC Corporation, LLC f/k/a FCC Environmental, LLC respectfully prays that this Honorable Court declare that Westchester Surplus Lines Insurance Company has a duty to defend Plaintiff in the Underlying lawsuit; that Westchester Surplus Lines Insurance Company has an obligation to pay Plaintiff for any settlement or judgment it may obtain as a result of the Underlying Lawsuit; award Plaintiff its reasonable, customary and necessary attorney's fees and expenses incurred in defending the Underlying Lawsuit; statutory damages including 18% interest, compensatory damages; pre and post judgment interest and for such other and further relief this Court may deem just and proper.

Respectfully submitted,

By: /s/ T. Micah Dortch

    **T. MICAH DORTCH**
    State Bar No. 24044981
    SDTX Bar No. 630903

**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas  75202
Telephone:  (214) 712-9500
Facsimile:  (214) 712-9540
Micah.Dortch@cooperscully.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL**:

**COOPER & SCULLY, P.C.**

**CHRISTOPHER D. LINDSTROM**
State Bar No. 24032671
SDTX Bar No. 33525
**FRED L. SHUCHART**
State Bar No. 18316250
SDTX Bar No. 11851
815 Walker, Suite 1040
Houston, Texas  77002
Telephone:  (713) 236-6800
Facsimile:  (713) 236-6880
Chris.Lindstrom@cooperscully.com
Fred.Shuchart@cooperscully.com