IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HCC CORPORATION, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-338 |
| | § | |
| WESTCHESTER SURPLUS LINES | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

HCC Corporation, LLC sued Westchester Surplus Lines Insurance Company, alleging a breach of Westchester's duty to defend in an underlying lawsuit, a breach of Westchester's contractual duty to defend and indemnify, and violations of Westchester's duty under the Texas Insurance Code to promptly pay claims.

The parties cross-moved for partial summary judgment on the duty-to-defend claim. (Docket Entry Nos. 7, 9). Based on a careful review of the pleadings; the motions, responses, and reply; the record; the arguments of counsel; and the relevant law, the court grants Westchestert's motion for partial summary judgment, (Docket Entry No. 9), and denies HCC Corporation's cross-motion, (Docket Entry No. 7), for the reasons explained in detail below. A status conference is set for **July 14, 2017** at 2:00 p.m. in Courtroom 11-B.

**I.     Background**

Westchester issued an Employed Lawyers' Professional Liability Policy to Heritage-Crystal Clean, Incorporated. (Docket Entry No. 1 at ¶ 5). In October 2016, Florida Gas Transmission, LLC filed a second amended petition in *Florida Gas Transmission Co., LLC v. FCC Environmental*, *LLC*,

*et al.*; Cause No. 2014-68677, in the 11th Judicial District Court of Harris County, Texas. (*Id.*, Ex. A). Florida Gas Transmission Company had sued FCC Environmental in that action. Heritage Crystal Clean, LLC purchased FCC Environmental and changed the name to HCC Corporation, LLC, which is the plaintiff in this federal insurance coverage suit. (Docket Entry No. 7, Ex. A at ¶ 2). Heritage Crystal Clean, LLC is a wholly owned subsidiary of Heritage-Crystal Clean, Inc., the named insured in the Westchester insurance policy at issue. (Docket Entry No. 14, Ex. 1 at ¶ 3).

In the underlying lawsuit, Florida Gas Transmission alleged that FCC Environmental breached an agreement to defend and indemnify Florida Gas Transmission in yet another lawsuit. This second lawsuit was filed in state court by Oscar Villegas for work-related personal injuries. (Docket Entry No. 1, Ex. A). Florida Gas Transmission and FCC Environmental had an Environmental Services Agreement, under which FCC Environmental would provide "frac tank cleaning and transportation services" for the 5,500 miles of Florida Gas Transmissions's natural-gas pipelines. (*Id.* at ¶¶ 11–13). In May 2012, Florida Gas Transmission asked FCC Environmental to arrange to deliver a frac tank and clean the tank after it was removed from the site. (*Id.* at ¶¶ 14–15). FCC Environmental hired a subcontractor to help perform the work. (*Id.* at ¶ 16). Oscar Villegas was an employee of that subcontractor. (*Id.* at ¶ 17). He was injured in an explosion while he was cleaning a frac tank. (*Id.*). Villegas sued Florida Gas Transmission and FCC Environmental in the underlying personal-injury suit. (*Id.*).

In the underlying suit by Florida Gas Transmission against FCC Environmental at issue, Florida Gas Transmission alleged that the Environmental Services Agreement required FCC Environmental to provide a defense and indemnity for any claims arising out of the work FCC Environmental performed under the Agreement, and that it had refused to do so. (*Id.* at ¶¶ 18–20).

Florida Gas Transmission also alleged that FCC Environmental had breached an email agreement to "immediately demand a defense of Florida Gas Transmission from FCC's and [Heritage-Crystal Clean, Inc.]'s insurance carriers in connection with the underlying litigation brought by Mr. Villegas." (*Id.* at ¶ 28).

HCC Corporation tendered the underlying suit to Westchester and demanded a defense and indemnity. (Docket Entry No. 1 at ¶ 7). When Westchester refused, HCC Corporation filed this suit for a declaratory judgment that Westchester has a duty to defend and indemnify it in the underlying suit. (*Id.* at ¶¶ 13–17). HCC Corporation alleges that Westchester's failure to defend and indemnify breached its contractual duties and violated the Texas Insurance Code. (*Id.* at ¶¶ 18–31).

HCC Corporation moved for summary judgment seeking a declaratory judgment on the duty-to-defend claim. (Docket Entry No. 7). Westchester cross-moved for a declaratory judgment that it did not owe a duty to defend. (Docket Entry No. 9). The parties' arguments and the record evidence are analyzed under the applicable legal standards.

## II. The Legal Standards

### A. Summary Judgment

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those

portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (quotation marks omitted); *see also Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

"Once the moving party [meets its initial burden], the non-moving party must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Nola Spice*, 783 F.3d at 536 (quoting *EEOC*, 773 F.3d at 694). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only

4

a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008); *see also Nola Spice*, 783 F.3d at 536.

When the parties cross-move for summary judgment, the court must review "each motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Mid–Continent Cas. Co. v. Bay Rock Operating Co.*, 614 F.3d 105, 110 (5th Cir. 2010) (alteration omitted) (quotation marks omitted).

### B.     The Duty to Defend

The insured initially has the burden to plead and prove that the insurance policy at issue covers the benefits sought. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Penn. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008). The insurer has the burden of showing that a policy exclusion applies. *See id.* at 404. If the insurer meets this burden, then the insured must show that the claim does not fall within the exclusion or that it comes within an exception to the exclusion. *See Century Surety Co. v. Hardscape Constr. Specialties, Inc.*, 578 F.3d 262, 265 (5th Cir. 2009).

Whether an insurer has a duty to defend is distinct from whether the insurer has a duty to indemnify. *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009). To determine whether an insurer has a duty to defend, Texas courts apply the "eight-corners rule." That rule "provides that when an insured is sued by a third party, the liability insurer is to determine its duty to defend solely from [the] terms of the policy and the pleadings of the third-party claimant." *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 307 (Tex. 2006). This approach requires that the court compare only the "four corners" of the pleading with the "four

5

corners" of the policy. *Allstate Ins. Co. v. Disability Servs. of the Sw. Inc.*, 400 F.3d 260, 263 (5th Cir. 2005) (applying Texas law). "Resort to evidence outside the four corners of these two documents is generally prohibited." *Id.* When the eight-corners rule applies, the court does not examine the merits of the underlying dispute or evidence extrinsic to the policy and the pleadings. Whether the insurer must defend is determined as a matter of law because the court need only examine the policy language and the allegations in the underlying lawsuit's pleading to make the decision. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Penn. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997) (per curiam). The court construes the policy language and then examines the factual allegations in the underlying suit to determine whether those allegations state a claim covered by the policy. *See id.* An insurer has no legal obligation to defend a suit if the underlying petition does not allege facts within the scope of coverage. *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002). Doubts are resolved in favor of the duty to defend. *Id.*

**III.    Analysis**

Westchester contends that it owes no duty to defend HCC Corporation in the underlying suit because there is no claim against an "Insured Person" under the policy's terms. The relevant policy language states:

> The Insurer shall have the right and duty to defend any covered Claim brought against the Insured Persons even if the Claim is groundless, false or fraudulent.

(Docket Entry No. 7, Ex. A-1 at 7). An "Insured Person" under the policy is defined as an individual, not a company:

> Insured Person means an Employed Lawyer, together with an Employee of the Company who supports an Employed Lawyer in the performance of Professional Legal Services for the Company.

6

(*Id.* at 9). An "Employed Lawyer" is defined as:

> an attorney admitted to practice law anywhere in the world while an Employee.

(*Id.*). An "Employee" is defined as:

> any past, present or future employee, including any part-time, seasonal and temporary employee of the Company.

(*Id.*). The underlying petition filed by Florida Gas Transmission asserts claims against FCC Environmental. (Docket Entry No. 1, Ex. A). HCC Corporation concedes that the underlying petition does not assert a claim against an "'Insured Person' as that term is defined by the policy." (Docket Entry No. 13 at 2–3). Under the policy, Westchester owes a duty to defend only claims brought against an "Insured Person." (Docket Entry No. 7, Ex. A-1 at 7). Because HCC Corporation concedes that there is no claim against an "Insured Person" in the underlying lawsuit against FCC Environmental, HCC Corporation's predecessor in interest, Westchester has no duty to defend.

Despite this concession, HCC Corporation does not concede the absence of a duty to defend. HCC Corporation argues that no exclusions apply, and it is an "Insured" under the policy. These arguments are unpersuasive. Policy exclusions remove coverage for a "Claim" otherwise covered by the policy. The policy defines a "Claim" as "a civil proceeding against any Insured Person for monetary damages, non-monetary damages or injunctive relief." (Docket Entry No. 7, Ex. A-1 at 8). There is no "Claim" under the policy because HCC Corporation conceded there are no claims against an "Insured Person" in the underlying suit. HCC's status as an "Insured" under the policy does not change the outcome. The policy does not provide for a duty to defend an "Insured," only an "Insured Person."

Because there are no claims against an "Insured Person" in the underlying lawsuit,

Westchester has no duty to defend HCC Corporation.

**IV.     Conclusion**

Westchester's motion for partial summary judgment is granted, (Docket Entry No. 9), and HCC Corporation's cross-motion is denied, (Docket Entry No. 7). A status conference is set for **July 14, 2017** at 2:00 p.m in Courtroom 11-B.

SIGNED on July 10, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge